UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER FLETCHER,

    Plaintiff,

v.                                                    CASE NO. 8:19-cv-1476-T-23AAS

ANDREW SAUL, Commissioner,
Social Security Administration,

    Defendant.
_____/

**<u>ORDER</u>**

    A June 18, 2020 report (Doc. 19) by the magistrate judge recommends affirming the Commissioner's denial of Fletcher's petition for disability benefits. Fletcher asserts (Doc. 20) four objections to the report, and the Commissioner responds (Doc. 21).

    The first two objections are overruled for the reasons stated in the Commissioner's response. (Doc. 21 at 2–3) In the third objection, Fletcher argues that an "apparent conflict" under *Washington*, 906 F.3d 1353 (11th Cir. 2018), exists between the ALJ's limiting Fletcher to "simple, routine, and repetitive tasks" and the vocational expert's opining that Fletcher can perform a job that requires a "reasoning level of 2," that is, a job that under DOT guidance requires the ability to follow a "detailed but uninvolved" instruction. In other words, Fletcher argues that an

apparent conflict exists because, if Fletcher can perform a "simple" task only, Fletcher presumably cannot follow a "detailed but uninvolved" instruction.

But *Valdez v. Commissioner of Social Security*, 808 F. App'x 1005, 1009 (11th Cir. 2020), determines that no apparent conflict exists between a limitation to a "simple" task and a finding that the petitioner can perform a job with a reasoning level of 2. Attempting to avoid *Valdez*, Fletcher argues that this determination in *Valdez* constitutes dicta because the petitioner in *Valdez* argued that an apparent conflict exists between the limitation to a "simple" task and the finding that the petitioner could perform a job with a reasoning level of 3 — not a job with a reasoning level of 2. Fletcher's argument fails, however, because *Valdez* (1) found "unnecessary to decide" the petitioner's apparent-conflict argument about a reasoning level of 3 because the ALJ concluded that the petitioner could perform a job with a reasoning level of 2 and (2) held that no apparent conflict exists between a reasoning level of 2 and a limitation to a "simple" task. *Valdez*, 80 F. App'x at 1019 ("Valdez has not argued that these jobs [of reasoning level 2] are inconsistent with his residual functional capacity, and they are not.") Accordingly, *Valdez*'s resolution of the logically preceding issue — whether an apparent conflict exists between a limitation to a "simple" task and a reasoning level of 2 — constitutes the holding. Objection three is overruled.

In the fourth objection, Fletcher argues for reversal because the Commissioner allegedly failed to appoint the ALJ in accord with the Appointments Clause, Article

II, Section 2, United States Constitution.  Although the Commissioner apparently concedes that the Commissioner failed to appoint the ALJ in accord with the Appointments Clause before the ALJ denied Fletcher's petition for disability benefits, the Commissioner argues that Fletcher waived this argument by failing to challenge the constitutionality of the ALJ's appointment during the proceedings before the Social Security Administration.  The weight of district court authority in the Eleventh Circuit,[1] joined by two of the three circuit courts of appeals to address this issue,[2] holds that a petitioner waives a challenge to the constitutionality of an ALJ's appointment by failing to raise the challenge before the Social Security Administration.  Fletcher asserts no argument not rejected persuasively by these authorities.  Objection four is overruled.

---

[1] *See, e.g.*, *Moye v. Saul*, 2020 WL 1433280 (S.D. Fla. 2020) (Valle, M.J.); *Gagliardi v. Social Security Administration*, 2020 WL 966595 (S.D. Fla. 2020) (Bloom, J.); *Jones v. Berryhill*, 2019 WL 2583157 (N.D. Fla. 2019) (Stampelos, M.J.); *Valle-Roman v. Comm'r of Soc. Sec.*, 2019 WL 1281171 (M.D. Fla. 2019) (Smith, M.J.); *Perez v. Berryhill*, 2019 WL 1405642 (S.D. Fla. 2019) (Torres, M.J.); *Abbington v. Berryhill*, 2018 WL 6571208 (S.D. Ala. 2018) (Nelson, J.).

[2] *Davis v. Saul*, __ F.3d __, 2020 WL 3479626 (8th Cir. 2020) (finding waiver); *Carr v. Commissioner, SSA*, 961 F.3d 1267 (10th Cir. 2020) (finding waiver); *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020) (finding no waiver). This issue pends before the Eleventh Circuit in *Lopez v. Comm'r of Soc. Sec.*, 19-11747 (11th Cir.).

- 4 -

The objections (Doc. 20) are **OVERRULED**, the report and recommendation (Doc. 19) is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The clerk must enter judgment for the Commissioner and close the case.

ORDERED in Tampa, Florida, on July 21, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE